IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE AKONJI<br>9737 Mt. Pisgah Road<br>Silver Spring, MD 20903<br><br>    **Plaintiff,**<br><br>v.<br><br>UNITY HEALTH CARE, INC.<br>3020 14th Street, NW<br>Washington, D.C. 20009<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil No.<br>)<br>)<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, by its undersigned counsel, hereby notifies the Court that it desires to remove the above-referenced case from the Superior Court for the District of Columbia to the United Sates District Court for the District of Columbia. In support of this action, Defendant states as follows:

1.   Title 28, Section 1441 provides for the removal of cases that are within the original jurisdiction of the federal courts, including jurisdiction based upon a claim or right arising under federal law. It reads in relevant part as follows:

§ 1441. Actions removable generally

(a)   Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

2. On or about September 30, 2005, the clerk of the Superior Court issued to Plaintiff Helene Akonji a summons addressed to Defendant in an action commenced by Plaintiff in the Superior Court for the District of Columbia styled Helene Akonji v. Unity Health Care, Inc., Civil Action No. 05CA001222.

3. On or about October 6, 2005, Defendant was served with a copy of the summons and an Amended Complaint in said action. Copies of all papers served upon the Defendant are attached hereto as Exhibit 1.

4. Defendant Unity Health Care, Inc. is a non-profit health care corporation incorporated under the laws of the District of Columbia with its principal administrative offices in the District of Columbia.

5. In the Amended Complaint, in the second numbered paragraph and in the prayer for relief, Plaintiff alleges that Defendant has violated the Title VII of the federal Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, ("Title VII") which alleged violation supports her claim for damages and injunctive relief. Title VII is a "law of the United States" for purposes of removal of this action from the Superior Court for the District of Columbia to this Court.

6. Pursuant to Title 28 § 1331 of the United States Code, the district courts of the United States "shall have original jurisdiction of all civil actions arising under the Constitution,

laws, or treaties of the United States." Therefore, this Court has jurisdiction over the federal questions raised in Plaintiff's Amended Complaint, and this action may be removed to this Court.

7. Pursuant to Title 28 U.S.C. §1446(b), this Notice of Removal is timely filed, within thirty (30) days of the date of receipt by the Defendant of Plaintiff's Amended Complaint, which was the first occasion on which a claim under a federal statute was raised in this action.

8. The geographical jurisdiction of the United States District Court for the District of Columbia embraces the jurisdiction of the Superior Court for the District of Columbia.

9. Plaintiff initially filed this action *pro se* as a single count complaint alleging a violation by Defendant of the District of Columbia Human Rights Act. That complaint was received by the clerk of the Superior Court on February 18, 2005.

10. Plaintiff never served the original Superior Court complaint on Defendant.

11. Plaintiff retained counsel, who entered his appearance and filed, on behalf of Plaintiff, the Amended Complaint upon which this removal petition is based.

12. In view of the fact that (a) the original complaint did not raise the federal question that is expressly stated in the Amended Complaint; (b) the original complaint was never served upon Defendant; (c) the Amended Complaint raises a federal question that presents a valid basis for removal; and (d) the Amended Complaint was served within 30 days of this petition, this removal is proper.

WHEREFORE, Defendant, having met the requirements of Title 28 §§ 1441 and 1446, hereby removes this action from the Superior Court for the District of Columbia to the United States District Court for the District of Columbia.

                                                 Respectfully submitted,

                                                 Hahn Kyle & Hollrah, LLP

                                               Benjamin W. Hahn, Esq.
                                               Bar No. 446270
                                               10440 Little Patuxent Pkwy 900
                                               202-659-0865
                                               fax 410-884-4001
                                               bhahn@hkhllp.com
                                               Attorneys for Defendant

October 26, 2005

## CERTIFICATE OF SERVICE

I CERTIFY that on October 26, 2005, a copy of the foregoing Notice for Removal, with accompanying exhibits, was served by first class United States mail on Bryan A. Chapman, Law Office of Brian A. Chapman, 601 Pennsylvania Avenue, NW, Suite 900, Washington, D.C. 20004

                                               _____
                                               Benjamin W. Hahn