SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

HELENE AKONJI

    Plaintiff,

    v.      Civil Action No. 05CA001222

UNITY HEALTHCARE

    Defendant.

*RECEIVED Civil Clerk's Office SEP 30 2005 Superior Court of the District of Columbia Washington, D.C.*

## AMENDED COMPLAINT

COMES NOW Plaintiff, Helene Akonji, by and through undersigned counsel, and states as follows:

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. The Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission, Charge No. 100-2004-00484, and received a Notice of Right to Sue letter. The Plaintiff alleges discrimination, based on her is sex (female), and retaliation.

### NATURE OF CLAIM

2. This is an action for declaratory relief; injunctive relief, damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (1988 ed., Supp. III), (hereafter "Title VII"), providing for relief against discrimination, based on sex, and retaliation.

3. This is an action for declaratory relief; injunctive relief, damages and to secure

protection of and to redress deprivation of rights secured by the District of Columbia Human Rights Act, providing for relief against discrimination, based on sex, and retaliation.

## PARTIES

4. Dr. Helene Akonji is a licensed pharmacist. She was employed by Unity Healthcare from February 6, 2002 until her termination on February 2, 2004.

5. Unity Healthcare operates health clinics in Washington, D.C.

## STATEMENT OF CLAIM

6. Dr. Akonji is a licensed pharmacist. She was hired by Unity Healthcare on February 6, 2002 and assigned to their Anacostia clinic.

7. Dr. Akonji was interviewed by Roderick Nwokorie, the Pharmacy Director. Mr. Nwokorie told Dr. Akonji that he found her attractive and he promised to make her his assistant.

8. Mr. Nwokorie visited Dr. Akonji frequently and he would grab her and begin rubbing her buttock. He would also attempt to kiss her.

9. In June 2002, Dr. Akonji was transferred from the Anacostia clinic to the D.C. General pharmacy.

10. Mr. Nwokorie would meet Dr. Akonji in the parking lot of D.C. General and attempt to kiss her. Mr. Nwokorie asked Dr. Akonji to go out of town with him for a one week seminar.

11. Dr. Akonji hid from Mr. Nwokorie and resisted his advances.

2

12. In June 2002, Mr. Nwokorie became hostile toward Dr. Akonji. Dr. Akonji was transferred to the Congress Heights clinic. Mr. Nwokorie accused Dr. Akonji of stealing controlled substances and called the police on her.

13. In September 2002, Mr. Nworkorie started to visit the Congress Heights clinic. He told Dr. Akonji that he loved her and invited her to go out of town with him. Dr. Akonji turned down Mr. Nworkorie's offer.

14. Mr. Nworkorie transferred Dr. Akonji to the Upper Cardozo clinic.

15. In December 2002, Dr. Akonji filed a sexual harassment complaint against Mr. Nwokorie with Unity Healthcare.

16. However, Unity Healthcare never contacted Dr. Akonji about her complaint against Mr. Nwokorie.

17. Dr. Akonji was transferred the Walker Jones clinic.

18. Mr. Nwokorie visited Dr. Akonji at the Walker Jones clinic and attempted to grab her and rub her leg.

19. In March 2003, Dr. Akonji filed a second sexual harassment complaint against Mr. Nwokorie with Unity Healthcare.

20. On February 2, 2004, Unity Healthcare terminated Dr. Akonji.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this court:

(a) Issue a declaratory judgment that Defendants acts, polices, practices and procedures complained of herein-violated Plaintiff's rights as secured by Title

3

VII and the District of Columbia Human Rights Act, and Order Defendant to make whole Plaintiff who has been adversely affected by the polices and practices described herein in an amount to be shown at trial and other affirmative relief, and

(b) Retain jurisdiction over this action to assure full compliance with the orders of the court and with applicable law and require defendant to file such reports as the court deems necessary to evaluate compliance; and

(c) To award her reasonable attorney's fees and costs of this action; and

(d) Award Plaintiff compensatory damages, such as, emotional pain and suffering, specifically embarrassment, humiliation, stress, anxiety, and inconvenience, and punitive damages; and

(e) Grant such additional relief as the court deems just and proper; and

WHEREFORE, the premises considered, the Plaintiff demands judgment against the Defendant in the amount of ONE MILLION DOLLARS ($1,000,000).

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

HELENE AKONJI

By: *[signature]*
Bryan A. Chapman  Bar #439184
Law Office of Bryan A. Chapman
601 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004
(202) 434-8240

Attorney for the Plaintiff