IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE AKONJI ) | |
| ) | |
| v. ) | Civil Action No. 1:05-cv-02101-JDB |
| ) | |
| UNITY HEALTHCARE, INC., ) | |
| ) | |
| Defendant. ) | |

**UNITY HEALTHCARE, INC.'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Unity Healthcare, Inc., through its undersigned counsel of record, for its Answer to Plaintiff's Amended Complaint states as follows:

1.  In response to the allegations contained in Paragraph 1 of the Amended Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC, which was assigned charge number 100-2004-00484, alleging discrimination based on sex and retaliation, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1, and, on that basis, denies same.

**NATURE OF CLAIM**

2.  In response to the allegations contained in Paragraph 2 of the Amended Complaint, Defendant admits that Plaintiff seeks to bring this action pursuant to the cited statutes, but Defendant denies that it has committed any violation of any of those statutes and further denies that Plaintiff is entitled to any relief thereunder.

3.  In response to the allegations contained in Paragraph 3 of the Amended Complaint, Defendant admits that Plaintiff seeks to bring this action pursuant to the cited

statutes, but Defendant denies that it has committed any violation of any of those statutes and further denies that Plaintiff is entitled to any relief thereunder.

4.  Defendant admits the allegations contained in Paragraph 4 of the Amended Complaint.

5.  Defendant admits the allegations contained in Paragraph 5 of the Amended Complaint.

6.  Defendant admits the allegations contained in Paragraph 6 of the Amended Complaint.

7.  In response to the allegations contained in Paragraph 7 of the Amended Complaint, Defendant admits that Plaintiff was interviewed by Roderick Nwokorie, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, and, on that basis, denies same.

8.  Defendant denies the allegations contained in Paragraph 8 of the Amended Complaint.

9.  Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10. In response to the allegations contained in Paragraph 10 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same.

11. In response to the allegations contained in Paragraph 11 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same.

DCDATA 30478_1

12. In response to the allegations contained in Paragraph 12 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same, except that Defendant admits that Plaintiff was transferred to the Congress Heights clinic.

13. In response to the allegations contained in Paragraph 13 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same.

14. In response to the allegations contained in Paragraph 14 of the Amended Complaint, Defendant admits that Plaintiff was transferred to the Upper Cardozo clinic.

15. Defendant denies the allegations contained in Paragraph 15 of the Amended Complaint.

16. In response to the allegations contained in Paragraph 16 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same. By way of further answer, Defendant denies that Plaintiff lodged the referenced complaint, and therefore, would have had no reason to contact her.

17. Defendant admits the allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to the allegations contained in Paragraph 18 of the Amended Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph, and, on that basis, denies same.

19. In response to the allegations contained in Paragraph 19 of the Amended Complaint, Defendant admits that Plaintiff filed a complaint in March 2003, but Defendant denies the remaining allegations and specifically denies that this was her second complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Amended Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims are or may be barred by the doctrines of waiver, estoppel, laches and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Defendant had legitimate, non-discriminatory reasons for Plaintiff's termination.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed reasonably to mitigate her damages, if any.

Wherefore, Defendant Unity Healthcare, Inc. requests that this Amended Complaint be dismissed in its entirety, with prejudice and with costs to Defendant, and for such other relief as the Court deems proper.

Dated: November 11, 2005                    Respectfully submitted,

                                            UNITY HEALTHCARE, INC.
                                            By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Benjamin W. Hahn (Bar No. 446270)
2001 Pennsylvania Ave., NW, Suite 300
Washington, DC 20006-1825
Telephone: (202) 419-4242

Email: bhahn@schnader.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2005, the foregoing Answer to Plaintiff's Amended Complaint was filed and served electronically through ECF and First Class U.S. Mail upon the following person:

> Bryan A. Chapman, Esq.
> Law Office of Bryan A. Chapman
> 601 Pennsylvania Avenue, NW
> Suite 900
> Washington, DC 20004
>
> *Attorney for Plaintiff*

_____
Benjamin W. Hahn

DCDATA 30478_1