IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE AKONJI ) | |
| ) | |
| v. ) | Civil Action No. 05-2101 (JDB) |
| ) | |
| UNITY HEALTHCARE, INC., ) | |
| ) | |
| Defendant. ) | |

### JOINT RULE 16.3 REPORT

Plaintiff Helene Akonji and Defendant Unity Health Care, Inc., through their respective counsel of record, pursuant to Local Rule 16.3 and this Court's Order dated November 14, 2005 (Document 5), submit this Report and advise the Court as follows:

**Meeting in Compliance with Local Rule 16.3.**

Counsel for the parties met and conferred in accordance with Local Rule 16.3 via telephone conference on Thursday, December 08, 2005, at which conference they discussed the matters specified below.

**Discovery Plan and Agreements Reached.**

The parties submit the following in compliance with Local Rule 16.3(c) and (d) relative to the 14 matters set forth therein:

*1.   Likelihood of Disposition of Case by Dispositive Motion:* The parties do not anticipate the filing of a dispositive motion in advance of discovery. No motion to dismiss has been filed. Defendant anticipates filing a motion for summary judgment at the conclusion of discovery.

  **2.**  ***Date for joinder of parties and amendment of pleadings:*** January 13, 2006. This is a single plaintiff/single defendant employment discrimination suit, and the scope of the factual and legal issues will be susceptible to appropriate definition through the pleadings and discovery.

  **3.**  ***Assignment to Magistrate Judge for All Purposes:*** The parties jointly request that the case remain with the district judge for trial, with discovery matters and settlement negotiations to be handled by one or more Magistrate Judges.

  **4.**  ***Settlement:*** The parties concur that there is a realistic possibility of settlement.

  **5.**  ***ADR:*** The parties request that the dispute be referred to either a court-appointed mediator or to a Magistrate Judge for settlement discussions. The parties further respectfully request that discovery, including initial disclosures, be postponed until after they have had an opportunity to pursue the alternative dispute resolution process. Counsel are in a position to engage in an informal exchange of information promptly in order to make the ADR mechanism productive in advance of formal discovery.

  **6.**  ***Summary Judgment:*** Defendant anticipates filing a motion for summary judgment if the case cannot be settled. A proposed schedule for summary judgment motion proceedings is as follows:

    a.  Filing of Motion:   July 21, 2006

    b.  Filing of Opposition:   August 4, 2006

    c.  Filing of Reply:   August 25, 2006

    d.  Decision by Court:   September 25, 2006

This schedule contemplates that ADR proceedings will be completed by the end of February, 2006, such that if the case has not settled, discovery may be completed in time for the foregoing schedule to apply.

7. **_Initial Disclosures:_**  The parties believe initial disclosures may be made in accordance with Rule 26(a)(1), but request that the making of initial disclosures be stayed pending the ADR efforts of the parties.

8. **_Discovery:_**  The parties have agreed to the following regarding the scope and schedule for discovery:

   a. _Protective Order:_ An appropriate protective order to preserve the confidentiality of personnel and medical records will be necessary in connection with this employment dispute arising in the context of a health care facility. The parties shall propose an order for the Court's consideration.

   b. _Completion of Discovery:_    June 30, 2006

   c. _Scope and Limits:_ The parties do not anticipate disputes concerning the scope or limits on discovery, including number, timing, duration, or location of depositions. There are a limited number of material witnesses, all of whom are believed to be either resident in or employed in the Washington, D.C., area.

9. **_Expert Witness Disclosures and Depositions:_** The requirements of Rule 26(a)(2) do not need to be modified. Whether the depositions of any experts would be required may appropriately await later determination, based on the nature of the expert testimony, its impact on the **case, and the contents of the reports disclosed.**

10. **_Class Action Issues:_**  Not Applicable.

11. **_Bifurcation:_**  Not Required.

  *12.* ***Pretrial Conference Date:*** November 13, 2006.

  *13.* ***Trial Date:*** To be set at pretrial conference.

  *14.* ***Other Matters:*** None at this time.

Dated: December 9, 2005

Respectfully submitted,

HELENE AKONJI, Plaintiff
By Counsel

LAW OFFICE OF BRYAN A. CHAPMAN

*/s/ Bryan A. Chapman by BWH*

Bryan A. Chapman, Esq.
601 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20004
Telephone: (202) 434-8240
Email: bchapman@baclaw.com

UNITY HEALTHCARE, INC., Defendant
By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: */s/ BWH*

Benjamin W. Hahn (Bar No. 446270)
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006-1825
Telephone: (202) 419-4242
Email: bhahn@schnader.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2005, the foregoing Joint Rule 16.3 Report was filed and served electronically through ECF upon the following person:

Bryan A. Chapman, Esq.
Law Office of Bryan A. Chapman
601 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004

*Attorney for Plaintiff*

_____
Benjamin W. Hahn