IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HELENE AKONJI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:05cv02101-JDB |
| UNITY HEALTH CARE, INC. | * | |
| Defendant | * | |

## DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, Defendant Unity Health Care, Inc., by its undersigned attorneys, request that Plaintiff Helene Akonji respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on the 18th day of July, 2006, at 10 o'clock, a.m., and continuing from day to day thereafter, until completed, at the offices of Schnader Harrison Segal & Lewis LLP, 2001 Pennsylvania Ave., NW, Suite 300, Washington, D.C. 20006-1825, or at such time and place as may be agreed upon by counsel. The Uniform Instructions and Definitions For Use in Discovery Requests are incorporated herein.

## INSTRUCTIONS

1. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

2. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

DCDATA 33028_1

26(b)(5) and Discovery Guideline 9(c)(ii)(b), including the type of document, the general subject matter of the document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you;

    B.  If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery or that a request is unduly burdensome, identify as to each document and, in addition to the information requested in ¶2.A, above, please state the reason for withholding the document.

    3.  When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material.  If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed.  When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration.  Any redaction must be clearly visible on the redacted document.

    4. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.  If any Request is susceptible of a construction which calls for the production of such material, that

material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

5. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed discovery.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication:* The term "communication" means the transmittal of information by any means.

2. *Complaint:* The term "Complaint" means the First Amended Complaint or any subsequently filed complaint in this matter.

3. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

5. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

6. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

7. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

8. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives and attorneys.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

10. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.All documents upon which you intend to rely in support of the claims alleged in the Complaint.

2.All documents upon which you intend to rely in order to rebut any affirmative defenses asserted by Defendant in its Answer to the Complaint.

3.All documents relating to any discipline, warning, counseling, or other criticism of you by Defendant.

4.All documents relating to any claims for damages, including, but not limited to, medical records, prescriptions, payroll records, correspondence, notes, and other similar items.

5.Your paper and digital personal and business diaries, daytimers, notebooks, personal organizers, or other similar items for any time period referenced in the Complaint..

6.All documents provided by you to the EEOC or the District of Columbia Office of Human Rights in connection with any charge of discrimination filed by you or by any other person.

7.All documents identified in your answers to Defendant's Interrogatories.

8.All written or recorded statements by you or any other person relating in any way to the allegations in the Complaint.

9.Any documents identified by you in your initial disclosure pursuant to the Federal Rules of Civil Procedure, Rule 26(a)(1), which documents are in your possession, custody or control.

10.All documents identified in the Complaint.

11.     All documents concerning any conversation, discussion, meeting, interview or other communication referenced in the Complaint.

12.     Documents sufficient to show your employment, income, and benefits since you separated from Unity.

13.     Your current resume and any previous resumes.

14.     Copies of all email communications that relate in any way to the matters raised in the Complaint or the Answer, including any email communications relating in any way to any claimed damages.

15.     Documents sufficient to demonstrate your employment, education, licensure, or certification before, during, and after your employment with Defendant up to the present.

Dated:  June 15, 2006                    Respectfully submitted,

                                         UNITY HEALTHCARE, INC.
                                         By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: */s/ Benjamin W. Hahn/mm*
    Benjamin W. Hahn (Bar No. 446270)
    2001 Pennsylvania Ave., NW, Suite 300
    Washington, DC 20006-1825
    Telephone: (202) 419-4242

    Email: bhahn@schnader.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, the foregoing Defendant's Request for Production of Documents was filed and served electronically through ECF and First Class U.S. Mail upon the following person:

> Bryan A. Chapman, Esq.
> Law Office of Bryan A. Chapman
> 601 Pennsylvania Avenue, NW
> Suite 900
> Washington, DC  20004
>
> *Attorney for Plaintiff*

                                                _____
                                                Benjamin W. Hahn