IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HELENE AKONJI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 1:05cv02101-JDB |
| UNITY HEALTH CARE, INC. | * | |
| Defendant | * | |

### DEFENDANT'S INTERROGATORIES TO PLAINTIFF

Pursuant to Fed. R. Civ. P. 33, Defendant Unity Health Care, Inc., by its undersigned attorneys, propounds these Interrogatories, to which Plaintiff Helene Akonji shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter. The Uniform Instructions and Definitions For Use in Discovery Requests are incorporated herein.

### INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no

privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Discovery Guideline 9(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 9(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. Pursuant to Discovery Guideline 9(c), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,

    (1) For oral communications:

        a.    the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

        b.    the date and place of the communication; and

   c. the general subject matter of the communication.

(2) For documents:

   a. the type of document,

   b. the general subject matter of the document,

   c. the date of the document, and

   d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Complaint:* The term "Complaint" means the First Amended Complaint or any subsequently filed complaint in this matter.

4. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a) and include(s) the term "writing". Unless the producing party demonstrates undue burden or other grounds sufficient to meet the requirements of Fed. R. Civ. P. 26(c), electronic mail is included within the definition of the term "document". The terms "writings", "recordings", and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document".

5. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

6. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

7. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

8. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

9. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

10. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives and attorneys.

11. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

## INTERROGATORIES

1. Identify each and every person who is likely to have personal knowledge of any fact alleged in the complaint and state the subject matter of the personal knowledge by each such person.

2. Identify each and every person who has provided information to you concerning the matters raised in the complaint and describe the information provided by each such person.

3. Describe with particularity each claim for damages you assert against Defendant, including for each the nature of the claim, and the facts underlying the claim.

4. For each claim described in your response to Interrogatory 3, describe with particularity the amount of damages you claim, the method of calculation of each such amount, and the source of the information used for the claim and its calculation.

5. Describe with particularity the facts supporting or underlying each claim you assert against the Defendant for relief other than money damages.

6. Describe with particularity each communication between you and a representative of Defendant which you contend constitutes direct evidence of unlawful discrimination or retaliation.

7. Describe with particularity each communication between you and a representative of Defendants which you contend constitutes direct evidence of any Defendant creating or permitting to exist an unlawful hostile work environment on any basis prohibited by law.

8. Describe with particularity any conduct, action, omission or event which you contend constitutes direct, indirect, or circumstantial evidence of discrimination, retaliation, or other unlawful conduct by Defendant and upon which you base a claim or claims herein.

9. Describe with particularity your efforts to mitigate any damages you claim against Defendant.

10. With respect to each discreet act or omission that you claim constitutes unlawful conduct on the part of Defendant, provide the exact date, or as close an approximation thereto as you are able, of the act or omission.

11. Separately for every communication referenced in the Complaint, identify each and every person who participated in, was a party to, or was a witness to, recipient of, initiated or received a copy of each communication.

12. Specify each instance of sexually hostile or offensive conduct engaged in by Roderick Nwokorie that you claim offended you.

13. State when and to whom and in what manner you complained about Mr. Nwokorie.

14. Provide complete information regarding your employment since separating from Unity, including employer, position, wage/salary, dates of employment, and benefits.

15. Have you ever been arrested or convicted of a crime? If your answer is "yes", provide the charge, date, court, jurisdiction, and disposition of the charge or conviction.

16. Have you ever filed for bankruptcy? If your answer is "yes", provide the date, jurisdiction and disposition of the filing.

17. Identify all documents upon which you intend to rely at trial in support of your claims herein.

18. Identify all persons you intend to call as witnesses at the trial hereof.

Dated: June 15, 2006                    Respectfully submitted,

                                        UNITY HEALTHCARE, INC.
                                        By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
    Benjamin W. Hahn (Bar No. 446270)
    2001 Pennsylvania Ave., NW, Suite 300
    Washington, DC 20006-1825
    Telephone: (202) 419-4242

    Email: bhahn@schnader.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2006, the foregoing Defendant's Interrogatories to Plaintiff was filed and served electronically through ECF and First Class U.S. Mail upon the following person:

Bryan A. Chapman, Esq.
Law Office of Bryan A. Chapman
601 Pennsylvania Avenue, NW
Suite 900
Washington, DC  20004

*Attorney for Plaintiff*

_____
Benjamin W. Hahn