IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELENE AKONJI | )<br>)<br>) |
| v. | ) Civil Action No. 1:05-cv-02101-JDB<br>) |
| UNITY HEALTHCARE, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

### DECLARATION OF AARONISSA ALLEYNE

I, Aaronissa Alleyne, under the penalties of perjury, declare and state as follows:

1. I am over the age of 18 and am competent to testify with respect to the matters contained in this affidavit.

2. I have personal knowledge of all facts averred herein, except for those as to which I specifically state that my knowledge is based on information I received from other persons or sources, and, as to those matters, I state that I believed the information I received to be true at the time I received it.

3. I am currently the Chief of Human Resources for Unity Health Care, Inc. ("UHC"), defendant in the above styled and captioned matter.

4. As UHC's Chief of Human Resources, I am responsible for maintaining the personnel files of UHC, including those related to discipline, discharge, and other personnel actions, and those related to complaints of discrimination, harassment and retaliation.

5. I have reviewed the following documents, which are numbered exhibits to Defendant's Motion for Summary Judgment herein, and I declare that they are documents that are contained in the personnel file of Plaintiff:

      (1) Offer of Employment and Statement of Terms [Exh. 3];

      (2) Staff Pharmacist Duties and Responsibilities [Exh. 4];

      (3) Record of Annual Salary Increase [Exh. 5];

      (4) Edward Ayanbiola's Complaint about Helene Akonji [Exh. 6];

      (5) Roderick Nwokorie's Memo Regarding Helene Akonji's Absenteeism and Tardiness [Exh. 7];

      (6) Mary Beth Levin's Memo about Helene Akonji's Absenteeism and Tardiness [Exh. 8];

      (7) Libbie Buchele's E-mails Citing Helene Akonji's Dangerous Behavior [Exh. 9];

      (8) Memo Regarding Missing Control Drugs and Mistakes [Exh. 10];

      (9) Memo Detailing Missing Control Drug Incident and Action Taken [Exh. 11];

      (10) Written Reprimand of Helene Akonji [Exh. 12];

      (11) Helene Akonji's Complaints to Human Resources [Exh. 13, 14];

      (12) Human Resource's Follow-up Letter to Helene Akonji's Complaints [Exh. 15];

      (13) Letter of Termination [Exh. 16];

      (14) Helene Akonji's Acknowledgment of Human Resource Procedures [Exh. 18]

6. The records comprising the above exhibits are maintained in the ordinary course pursuant to UHC's policies regarding employee and personnel records.

7. The fact that these documents are maintained as personnel records in the ordinary course of business does not mean that all of the statements in them are statements by UHC, only that they are kept according to applicable UHC personnel policies.

8. UHC historically and to this day has difficulty filling pharmacist positions. Because of the number of locations with pharmacies operated by UHC, and because of the perennial shortage of qualified, trained pharmacists, UHC frequently finds it necessary to relocate pharmacists. This necessity affects the entire Pharmacy Department. It also explains why Plaintiff was moved a number of times during her tenure at UHC.

I have read the foregoing affidavit, consisting of 8 numbered paragraphs, and I declare under the penalties of perjury that its contents are true and correct, to the best of my knowledge, information, and belief.

_____
AARONISSA ALLEYNE